UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
DWIGHT BOBB,

                            Plaintiff,

          -against-

Police Officer DON PHILIPOSE, Shield No. 7186; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                         Defendants.
------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.  Plaintiff demands a trial by jury in this action.

## PARTIES

6.  Plaintiff Dwight Bobb ("plaintiff" or "Mr. Bobb") is a resident of Kings County in the City and State of New York.

7.  Defendant Police Officer Don Philipose, Shield No. 7186 ("Philipose"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Philipose is sued in his individual and official capacities.

8.  At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9.  At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

10. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

11. At approximately 10:15 p.m. on August 9, 2012, Mr. Bobb was lawfully present in the vicinity of 46th Street and Church Avenue in Brooklyn, New York.

12. Plaintiff was entering an apartment building to visit a resident when he was stopped by two of the defendant police officers.

13. The officers lacked reasonable suspicion to stop plaintiff.

14. The defendants asked Mr. Bobb, in sum and substance, to provide a key to the building.

15. Mr. Bobb truthfully explained to the officers, in sum and substance, that he did not have a key but was visiting a resident.

16. The officers suddenly grabbed Mr. Bobb and began to viciously assault him.

17. While Mr. Bobb was being assaulted, additional defendant officers arrived on the scene and participated in the assault, which included, *inter alia*, punches, kicks and baton strikes.

18. Following the assault, Mr. Bobb was in tremendous pain and pleaded for medical assistance.

19. The defendants refused to provide medical care, even though Mr. Bobb's injuries were obvious and the defendants themselves had caused them.

20. Instead, the defendants taunted Mr. Bobb, dragged him to a police car

and took him to the 67th Precinct.

21. At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed Mr. Bobb ride his bike on the sidewalk, attempt to assault them, act disorderly and resist arrest.

22. At no point did the officers observe plaintiff commit these or any other crime or offense.

23. After several hours, Mr. Bobb was eventually taken to Kings County Hospital Center, where he was diagnosed with, *inter alia*, an anterior dislocation of the left shoulder with a Hills-Sachs deformity, a type of compression fracture.

24. Medical staff at the hospital performed a reduction procedure on Mr. Bobb's shoulder and he was given a sling.

25. Mr. Bobb was then taken back to the precinct and, from there, to Brooklyn Central Booking.

26. After approximately 24 hours in custody, Mr. Bobb was arraigned and released on his own recognizance.

27. After his release, Mr. Bobb obtained additional medical treatment for his injuries.

28. The criminal charges were subsequently adjourned in contemplation of dismissal.

29. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, lost wages and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

30. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

32. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

33. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

35. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
**Unreasonable Force**

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

38. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
**Denial Of Constitutional Right To Fair Trial**

39. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40. The individual defendants created false evidence against plaintiff.

41. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

42. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

43. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Deliberate Indifference to Medical Needs

44. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

45. The individual defendants were aware of plaintiff's need for medical care and failed to act, in deliberate indifference to plaintiff's needs.

46. Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to plaintiff's medical needs.

47. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Failure To Intervene

48. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

49. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

50. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

51. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:   October 8, 2013
         New York, New York

HARVIS WRIGHT & FETT LLP

_____
Gabriel Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@hwsflegal.com

*Attorneys for plaintiff*